OPINION OF THE COURT
Lawrence E. Kahn, J.
On July 25, 1985, the State Board of Equalization and Assessment (SBEA) ordered respondents to recompute and recertify the "homestead and non-homestead” tax rates for property located within the Town of East Greenbush, in accordance with Laws of 1983 (ch 800, § 4). Petitioner asserts that the respondents have failed to comply with the aforesaid order and seeks to compel compliance, as well as a preliminary injunction to prevent the levying of taxes until compliance has been had. The Town has moved to dismiss upon the grounds that petitioner does not have legal capacity to maintain this proceeding.
The motion to dismiss shall be denied. Respondents shall be directed to serve an answer within five days of service of an order in conformance herewith. Thereafter, petitioner may renotice this proceeding for any subsequent Special Term, upon two days’ notice to respondents.
While the SBEA does not have the authority "to direct *1004 substantive assessment decisions” (Matter of State Bd. of Equalization & Assessment v Kerwick, 52 NY2d 557, 573), pursuant to Real Property Tax Law § 202, it does have authority to require local assessors to comply with procedural mandates. Their function may be likened to applying for a writ of mandamus to compel performance of ministerial duties. Herein, petitioner seeks compliance with a requirement which is devoid of discretion. The Town has already classified each parcel therein as either homestead or nonhomestead. Hereby, petitioner merely seeks to require the mathematical computation of the respective homestead and nonhomestead base proportions, a duty imposed by statute and within the purview of petitioner’s enforcement powers.